Davis, C. J.
The controlling question in this case is whether “An act to amend and supplement sections 2505a and 25056 of the Revised Statutes of Ohio, as enacted May 1,1891, and amended April 18, 1892” (92 O. L., 277), is constitutional or not.
The defendant in error maintains that the act is unconstitutional and it was so held by the court below. The theory upon which this contention is based is that the act is special and that it confers corporate *104 powers, thus infringing section 1 of article 13 of the constitution; and also that it is a law of a general nature which does not operate uniformly throughout the state, violating section 26 of article 2 of the constitution.
Section 2505d contains the legislation which is especially assailed here, and it does not require a critical reading to disclose the fact that it operates throughout the state upon every municipal corporation therein, and upon every street railway corporation or company of the class defined in that section. If it be true, as argued by the defendant in error and as held by the court below, that it is possible that some street railway companies may be excluded from the class, section 26 of article 2 of the constitution would not thereby be violated. This was the precise point decided in State v. Nelson, 52 Ohio St., 88. In that case it was remarked in the opinion: “Of late years an effort has frequently been made to claim for this section of t the constitution a wider scope than to guard against the evils resulting from legislation of the character mentioned by Thurman, J., in Cass v. Dillon; Scott, J., in Lehman v. McBride; Boynton, J., in McGill v. State, and Okey, J., in Falh, Ex parte, but such efforts have uniformly failed. The only statutes which have been declared in conflict with this section of the constitution, are statutes making different classes of different parts of the territory of the state, such as cities, villages,” etc. That remark is just as true now as it was when it was made, a little more than ten years ago.
The proposition that because some individuals were not included in a class defined in a law of a *105 general nature, the law was for that reason repugnant to section 26 of article 2 of the constitution, was distinctly advanced in Senior v. Ratterman, 44 Ohio St., 661, 665, and was denied by the court, both in the syllabus and at length in the opinion by Spear, J. It was there held that the constitutional rule of uniformity of operation throughout the state' was not violated, notwithstanding the contention of counsel that “the uniformity of operation required applies as well to individuals and occupations as to geographical limits.” The law then under consideration was of a general nature, but it did not operate alike on all liquor dealers. The court said: “The principle of uniform operation requires simply that the law shall bear equally in its burden upon persons standing in the same category. * * * We are not prepared to say that the classification is not warranted.” It was truly and forcibly said by Burket, J., in State ex rel. v. Spellmire et al., 67 Ohio St., 77, that “when a law is available in every part of the state as to all persons and things in the same condition or category, it is of uniform operation throughout the state.” See also Platt v. Craig et al., 66 Ohio St., 75, at page 79. This, act, as we have already said, operates throughout the state upon every municipal corporation therein, and upon every street railway corporation or company of the class defined; and therefore it is not in conflict with section 26 of article 2 of the constitution.
■ But it is insisted that the act in question is not only a special act, but that it confers corporate powers, - in violation of section 1 of article 13 of the constitution. If it shall appear *106 that the act is not special, bnt on the contrary is a general law, it will not be necessary to determine whether it confers corporate powers either upon municipal corporations or street railway corporations, or both, or whether it does not do so. Adopting the language of the superior court, it is argued on behalf of the defendant in error, that corporate power is conferred in this act “not generally but specially according to the particular circumstances of each particular case;” and that “the law is therefore a special law conferring corporate power.” This conclusion is reached through the following propositions: First, That the classification of street railways in section 2505d is arbitrarily and unreasonably limited to such railroad companies as come into the control of the different lines by lease or purchase from other railroad companies or by the consolidation of different companies into a single company; and that it excludes from the enjoyment of the powers therein granted street railroad companies which may have come into the control of the lines by original or renewed grants from the municipal corporation itself. Second, That section 2505d does not confer equal powers upon all the municipal or private corporations within the classes respectively described, in that municipal corporations immediately exercising the power of extending the unexpired grants, or franchises to fifty years from the passage of the act have a different power as to time from that of a municipal corporation exercising the power twenty years later, and conversely there is an unequal power to receive grants on the part of the street railroad companies, and so likewise as to the *107 readjustment of rates, etc., at the end of twenty years and every fifteen years thereafter; and Third, That section 2505d does not grant the same powers to all corporations which act under the law at the same time.
We do not accept without qualification the postulate of the court below, that ‘‘ Classification cannot be made arbitrarily by the general assembly by seizing upon any incident or characteristic that may-suit its purpose.” The legislative authority of this state is vested in the general assembly in the broadest terms, by section 1 of article 1 of the constitution, subject only to the limitations elsewhere found in the constitution. It is therefore not within the province of any court to declare void, and annul, a statute by reason of a supposed violation of the principles of justice and common reason, if it be within the bounds of constitutional power. The courts have nothing whatever to do with the policy, the justice, or the wisdom óf a statute so long as it cannot be said that it contravenes some constitutional provision. It is true enough that many courts, including this court, have said that classification must be fair, that it must be just, that it must be reasonable, that it must not be arbitrary, that it must not be a sham; but such expressions have ' uniformly been used in cases where the plainly evinced legislative purpose has been defeated or prevented from reaching all of its objects by an imperfect classification, or more frequently, where a false and unnatural classification has been resorted to for the purpose of giving a special law the appearance of a general law, to evade some constitutional limitation. Accordingly this *108 court said in a recent case: ‘ ‘ Classification is' often proper and sometimes necessary in legislation, in order to define the objects on which a general law is. to take effect and in order to effectuate the purposes of the legislation; but when classification is unnecessary, arbitrary, fictitious or otherwise faultily made, and is used to evade the constitutional limitations, under the form of general legislation, such legislation in relation to a class may be both special and unconstitutional.” Gentsch et al. v. State ex rel., 71 Ohio St., 151. Now, putting aside the utter improbability of a case arising in which a company had' accepted and had been granted by the same municipal corporation different franchises, all differing in time, rates of fare and other terms or conditions (for it is not pretended that such a case now exists), what, constitutional limitation is violated? The defendant, in error answers: “The general assembly shall pass no special act conferring corporate powers.” But the conferring of corporate powers does not render1 the act invalid if it be not a special act. The act operates over the whole territory of the state and it does not exclude any individual corporation of the1 class defined. How can the non-inclusion of an individual corporation which is not of the class defined, render the act special in its nature? The opinion of a court that the legislation is unwise or unjust cannot be the criterion. The legislative purpose very plainly was to secure to the public continuous passage over all routes in any municipality, uniformity and reduction of fares, and uniformity in the expiration of franchises. The legislature sought to accomplish that purpose in general terms, by a definite classification which does not contain within itself *109 •even a hint of a purely special application. We have no right to attempt to defeat that purpose by extraneous considerations which do not amount to an infraction of any constitutional limitation of the general power conferred upon the general assembly. No street railway company of the class claimed to be •excluded by this statute, has yet appeared to complain about it; and it does not seem to us to lie in the mouth of a taxpayer, speaking for a municipal corporation, to make the claim for an imaginary corporation of such description. For the reasons stated we approve as the fair result of all the cases the statement of the law which is made in State ex rel. v. Parsons et al., 40 N. J. Law, 123, as follows: “A law framed in general terms, restricted to no locality, and operating equally upon all of a group of objects, which, having regard to the purposes of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves, is not a special or local law, but a general law. ’ ’
If the law was imperfect in its operation, or if the classification should be broadened, the remedy, as suggested by Burket, J., in State v. Nelson, supra, should be sought through the general assembly. The Chicago, Burlington & Quincy Railroad Co. v. Iowa, 94 U. S., 155, was a case which involved the question whether an act of the general assembly of Iowa was an act of a general nature having a uni- ' form operation, and also whether the act was in conflict with the provision of the constitution of the state of Iowa that “the general assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not *110 equally belong to all citizens; ’ ’ and tbe following extract from tbe opinion, which was delivered by Chief Justice Waite, is pertinent here. “The statute divides the railroads of the state into classes, according to business, and establishes a maximum of rates for each of the classes. It operates uniformly on each class, and this is all that the constitution requires. * * * This act does not grant to any railroad company privileges or immunities which,, upon the same terms, do not equally belong to every other railroad company. Whenever a company comes into any class, it has all the ‘ privileges and immunities ’ that have been granted by the statute to any other company in that class. ’ ’
“It is very clear that a uniform rate of charges for all the railroads in the state might operate unjustly upon some. It was proper, therefore, to provide in some way for an adaptation of the rates to the circumstances of the different roads; and the general assembly in the exercise of its legislative discretion, has seen fit to do this by a system of classification. Whether this was the best that could have been done is not for us to decide. Our province is only'to determine whether it could be done at all, and under any circumstances. If it could, the legislature must decide for itself, subject to no control from us, whether the common good requires that it should be done. ’ ’
It is also argued that the operation of this act is limited to fifty years from the date of its passage, that it is therefore a temporary act, and that being-such it is necessarily also a special act; and the court below has gone to the extent of asserting that this court has so decided State v. Hoffman, 35 Ohio St., *111 435, 443, and in Platt v. Craig, 66 Ohio St., 75, 79. This point was not made, considered, or decided in either of the cases cited, and the language of the judges delivering the opinions in those cases is that where the subject-matter and operation of an act is local and temporary, it may be a special act, and valid if it does not confer corporate powers. Here the question is, pure and simple, whether the limitation as to the time of operation stamps this statute as special; for this act, so far as appears from the act itself, is not restricted to any locality nor to any individual corporation. This question was before the supreme court of Illinois in People ex rel. v. Wright, 70 Ill., 388, and the court said: “The distinction then, seems plain — ’a local or special statute is limited in the objects to which it applies; a temporary statute is limited merely in its duration, and, necessarily, a local or special law may be perpetual, or a general law may be temporary. This, therefore, is a temporary general law, and not within the prohibition of the section referred to. ’ ’ This is likewise our conclusion in this case.
Having, therefore, arrived at the conclusion that the act in question, which is commonly known as “the Rogers law,” is constitutional, it is unnecessary to determine the other questions which have been so ably and interestingly presented.
The judgment of the superior court in general term is

Reversed and the petition is dismissed.

Shauck, Price, Crew, Summers and Spear, JJ,, concur.